STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.
1 Valuation of Security     0 Assumption of Executory Contract or Unexpired Lease     1 Lien Avoidance

Last revised: September 1, 2018

## UNITED STATES BANKRUPTCY COURT
### District of New Jersey

In Re: Carl Hendrix Perry, Jr.
Belkis Vargas
Debtor(s)

Case No.: 2:15-bk-30452JKS
Judge: Hon. John K. Sherwood

## CHAPTER 13 PLAN AND MOTIONS

☐ Original
☑ Motions Included

☑ Modified/Notice Required
☐ Modified/No Notice Required

Date: Nov. 8, 2018

THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13 OF THE BANKRUPTCY CODE.

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

☑ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  RIL _____    Initial Debtor:  CHP _____    Initial Co-Debtor  BV _____

### Part 1: Payment and Length of Plan

a. The debtor has paid to date 33,477 and shall pay 580 monthly to the Chapter 13 Trustee, starting on November 1, 2018 for an additional 10 months. Last payment shall be September 1, 2019.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☑ Other information that may be important relating to the payment and length of plan: **Plan can now complete in less than 60 months.**

### Part 2: Adequate Protection       X NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Law Office of Ronald I. LeVine | Admin. expenses for pending second fee app. | 1,968 |

Software Copyright (c) 1996-2016 Best Case LLC - www.bestcase.com          Best Case Bankruptcy

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C. 1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Specialized Loan Servicing | 229 Summer Street, Passaic NJ | Orig. bal. 32,349.04, and bal. now is 3,344.88 | 0 | 32,394.04 | 1,448.94 |

b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☐ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

3

NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| MERS Nominee for Ark Mortgage, Inc and Specialized Loan Serving, LLC 2nd mtge. M8337 P.233 | 229 Summer Street, Passaic NJ | 45,640.25 | 170,000.00 | Specialized Loan Servicing, LLC - 210,810.88 | No value | N/A | 0.00 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

e. Surrender ☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|

f. Secured Claims Unaffected by the Plan ☑ NONE

The following secured claims are unaffected by the Plan:

| Creditor |
|---|

g. Secured Claims to be Paid in Full Through the Plan ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

## Part 5: Unsecured Claims    ☐ NONE

a. Not separately classified allowed non-priority unsecured claims shall be paid:

☐ Not less than $____ to be distributed *pro rata*

☐ Not less than ____ percent

☑ *Pro Rata* distribution from any remaining funds

b. Separately classified unsecured claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6: Executory Contracts and Unexpired Leases    ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected,

4

except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7: Motions   ☐ NONE

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. Motion to Avoid Liens under 11 U.S.C. Section 522(f). ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| MERS Nominee for Ark Mortgage, Inc and Specialized Loan Serving, LLC 2nd mtge. M8337 P.233 | 229 Summer Street, Passaic NJ | 45,640.25 | 170,000.00 | Specialized Loan Servicing, LLC - 210,810.88 | 0 | 45,640.25 |

c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ☐ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8: Other Plan Provisions

a. Vesting of Property of the Estate
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. Payment Notices

5

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) General Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification  ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: October 29, 2015

| Explain below why the plan is being modified: | Explain below how the plan is being modified: |
|---|---|
| To be consistent with the 36 month disposable income requirement and shorten 60 month length of Plan. | Term shortened from 60 months to 44 months. See 1(a) |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☑ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, Chapter 13 Plan and Motions, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 11/8/18    November 8, 2018    Carl Hendrix Perry, Jr.
Debtor

Date: 11/8/18    November 8, 2018    Belkis Vargas
Joint Debtor

6

Date _____    _____
November 8, 2018    Ronald I. LeVine
   Attorney for the Debtor(s)

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 15-30452-JKS    Doc 53    Filed 11/21/18    Entered 11/22/18 00:37:01    Desc Imaged
Certificate of Notice    Page 7 of 9

United States Bankruptcy Court
District of New Jersey

In re:
Carl Hendrix Perry, Jr.
Belkis Vargas
     Debtors

Case No. 15-30452-JKS
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-2     User: admin     Page 1 of 2     Date Rcvd: Nov 19, 2018
                  Form ID: pdf901    Total Noticed: 24

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 21, 2018.

```
db/jdb         +Carl Hendrix Perry, Jr.,    Belkis Vargas,   229 Summer Street,    Passaic, NJ 07055-3203
cr              Deutsche Bank National Trust Company, as Trustee f,    Specialized Loan Servicing, LLC,    PO B,
                 Littleton, CO  80163
516021182       American InfoSource LP as agent for,    DIRECTV, LLC,    PO Box 51178,
                 Los Angeles, CA  90051-5478
515824064      +Deutsche Bank National,    Attn: Pluese Becker And Saltzman LLC,    20000 Horizon Way, Suite 900,
                 Mt. Laurel, NJ 08054-4318
516026775      +Deutsche Bank National Trust Co.,Trustee (See 410),    c/o Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
516023538      +Deutsche Bnk National Trust CompanyTrustee(See 410,    c/o Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
515824066      +First Premier Bank,    3820 N. Louise Avenue,    Sioux Falls, SD 57107-0145
515824067      +MERS Nominee for Ark Mortgage, Inc,    Specialized Servicing, LLC,    POB 636007,
                 Littleton, CO 80163-6007
515824069      +Specialized Loan Servicing, LLC,    POB 636007,    Littleton, CO 80163-6007
515824071      +Wells Fargo Dealer Services,    POB 1697,    Winterville, NC 28590-1697
515862137       Wells Fargo Dealer Services,    PO Box 17900,    Denver, CO 80217-0900
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Nov 20 2018 01:14:01      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Nov 20 2018 01:13:57      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
515824062      +E-mail/PDF: creditonebknotifications@resurgent.com Nov 20 2018 01:19:25      Credit One Bank,
                 POB 98873,    Las Vegas, NV 89193-8873
515824063      +E-mail/PDF: pa_dc_ed@navient.com Nov 20 2018 01:19:25      Dept Of Ed/Navient,    POB 9635,
                 Wilkes Barre, PA 18773-9635
515824065      +E-mail/Text: bankruptcynotices@dcicollect.com Nov 20 2018 01:14:34      Diversified Consultants,
                 Attn: Direct TV,    10550 Deerwood Park Blvd 309,    Jacksonville, FL 32256-2805
515940307       E-mail/PDF: resurgentbknotifications@resurgent.com Nov 20 2018 01:19:03      LVNV Funding LLC,
                 c/o Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
515960210      +E-mail/Text: bankruptcydpt@mcmcg.com Nov 20 2018 01:13:57
                 Midland Credit Management, Inc. as agent for,    MIDLAND FUNDING LLC,    PO Box 2011,
                 Warren, MI 48090-2011
516015341       E-mail/PDF: pa_dc_claims@navient.com Nov 20 2018 01:19:25      Navient Solutions Inc.,
                 Department of Education Loan Services,    P.O. Box 9635,    Wilkes-Barre, PA 18773-9635
515824068       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 20 2018 01:30:29
                 Portfolio Recovery Associates, LLC,    Attn: World Financial Capital Bank,    PO Box 12914,
                 Norfolk, VA  23541-1223
516042811       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 20 2018 01:19:23
                 Portfolio Recovery Associates, LLC,    c/o Home Shopping Network,    POB 41067,
                 Norfolk VA 23541
515996877      +E-mail/Text: JCAP_BNC_Notices@jcap.com Nov 20 2018 01:14:13      Premier Bankcard, Llc,
                 c o Jefferson Capital Systems LLC,    Po Box 7999,    Saint Cloud Mn 56302-7999
515824070      +E-mail/PDF: gecsedi@recoverycorp.com Nov 20 2018 01:19:14      SYNCB/Gap,    POB 965005,
                 Orlando, FL 32896-5005
515824072      +E-mail/Text: bankruptcynotice@westlakefinancial.com Nov 20 2018 01:13:58
                 Westlake Financial Services,    4751 Wilshire Blvd.,    Los Angeles, CA 90010-3847
                                                                                              TOTAL: 13
```

       ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****

```
516201026*     +Deutsche Bank National Trust Co, Trustee (See 410),    c/o Specialized Loan Servicing, LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
517677062*     +Deutsche Bank National Trust Co. Trustee (See 410),    c/o Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
                                                                                   TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

```
District/off: 0312-2           User: admin                Page 2 of 2                  Date Rcvd: Nov 19, 2018
                               Form ID: pdf901            Total Noticed: 24
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 21, 2018                                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 15, 2018 at the address(es) listed below:

```
          Brian C. Nicholas    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee for
           IndyMac INDX Mortgage Loan Trust 2007-FLX1, Mortgage Pass-Through Certificates, Series 2007-FXL1
           bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com
          Denise E. Carlon    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee for
           IndyMac INDX Mortgage Loan Trust 2007-FLX1, Mortgage Pass-Through Certificates, Series 2007-FLX1
           by its Servicing Agent Specialized Loan Servicing dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Denise E. Carlon    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee for
           IndyMac INDX Mortgage Loan Trust 2007-FLX1, Mortgage Pass-Through Certificates, Series 2007-FXL1
           dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
          Lynn Therese Nolan    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee for
           IndyMac INDX Mortgage Loan Trust 2007-FLX1, Mortgage Pass-Through Certificates, Series 2007-FLX1
           by its Servicing Agent Specialized Loan Servicing ecfnotices@grosspolowy.com,
           jbommelje@grosspolowy.com
          Marie-Ann Greenberg    magecf@magtrustee.com
          Michael E. Blaine    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee for
           IndyMac INDX Mortgage Loan Trust 2007-FLX1, Mortgage Pass-Through Certificates, Series 2007-FLX1
           by its Servicing Agent Specialized Loan Servicing
           tshariff@schillerknapp.com;kcollins@schillerknapp.com;ahight@schillerknapp.com;btate@schillerknap
           p.com
          Robert Wachtel    on behalf of Joint Debtor Belkis  Vargas rwachtel@ronlevinelaw.com,
           irr72645@notify.bestcase.com
          Robert Wachtel    on behalf of Debtor Carl Hendrix Perry, Jr. rwachtel@ronlevinelaw.com,
           irr72645@notify.bestcase.com
          Ronald I. LeVine    on behalf of Debtor Carl Hendrix Perry, Jr. ronlevinelawfirm@gmail.com,
           irr72645@notify.bestcase.com
          Ronald I. LeVine    on behalf of Joint Debtor Belkis  Vargas ronlevinelawfirm@gmail.com,
           irr72645@notify.bestcase.com
                                                                                             TOTAL: 10
```